IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| CRAIG KEMP, *et al.* | * | |
| Plaintiffs, | * | |
| v. | * | CIVIL ACTION NO. 08-CV-00793WDQ |
| WILLIAM HARRIS, *et al.* | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MOTION FOR SANCTIONS OR, ALTERNATIVELY,
TO COMPEL REPONSES TO HARRIS'
WRITTEN DISCOVERY**

Defendant, Officer William Harris, by his undersigned counsel, pursuant to Rules 26, 33, 34 & 37 of the Federal Rules of Civil Procedure and Rule 104 of the Local Rules of the United States District Court for the District of Maryland, moves for sanctions or, alternatively, to compel Plaintiffs to answer the interrogatories and to respond to the document requests propounded by Officer Harris, for an extension of the discovery timeline, and for other appropriate sanctions and relief, and as grounds therefore states as follows:

1. Officer Harris served the Interrogatories and the Document Requests on each Plaintiff that are attached hereto as Exhibits 1-34 on December 4, 2008. Service was made more than five (5) months before a Scheduling Order was issued in the case because there are seventeen (17) plaintiffs and counsel for Officer Harris, Jefferson L. Blomquist, anticipated that the Court would enter a fairly aggressive Scheduling Order and it would take time for counsel for Plaintiffs to propound answers and responses.

2. In December 2008, several weeks after service of written discovery on Plaintiffs, counsel for Plaintiffs, Matthew Bennett, called Mr. Blomquist and asked whether a Scheduling Order was entered. Mr. Blomquist advised Mr. Bennett that no order had been entered to his knowledge and proffered that he understood that under the Local Rules, the time for filing a response did not commence until a Scheduling Order was issued. Mr. Blomquist further suggested to Mr. Bennett that he anticipated a fairly aggressive Scheduling Order and wanted Plaintiffs to have the benefit of early receipt of written discovery so that they could begin preparing their answers and responses.

3. On May 26, 2009, shortly after the Scheduling Order was entered, Mr. Blomquist served a duplicate copy of the Interrogatories and Document Requests attached hereto as Exhibits 1-34 on Plaintiffs.[1]

4. On July 2, 2009, all counsel in the case had a teleconference to discuss discovery. Officer Harris had noted the depositions of each Plaintiff in addition to propounding the written discovery attached hereto and discussed when answers to interrogatories and responses to document requests could be anticipated as well as selecting dates when all counsel were available for depositions. During that conversation, counsel for Plaintiffs represented that answers to interrogatories and responses to document requests would be served by July 31, 2009.[2]

5. On July 29, 2009, Mr. Bennett wrote a letter (which was received by Mr. Blomquist on July 30, 2009) (attached hereto as Ex. 39), which advised that answers to interrogatories and responses to document requests would not be propounded by the end of the

---

[1] On June 29, 2009, an electronic copy was provided to Mr. Bennett in order to facilitate the preparation of responses (saving his assistant the trouble of typing all of the interrogatories that had to be answered). Attached hereto as Exs. 35 & 36 are copies of the e-mails transmitting the electronic copies.
[2] See the e-mails attached hereto as Exs. 37 & 38.

month. No date was provided when answers and responses would be provided. The letter of July 29, 2009 contained the "Statements of Probable Cause" filed by Defendants against Plaintiffs and court documents indicating that the charges were *nolle prossed* by the State's Attorney's Office. That is the only written discovery that to date has been provided by Plaintiffs to Officer Harris in this case.

6. On July 31, 2009, Mr. Blomquist sent an e-mail to Mr. Bennett inquiring if responses would be provided by the end of the month. Mr. Bennett referenced his letter of July 29, 2009 but did not advise when responses would be provided.

7. Plaintiffs have not designated experts pursuant to the Scheduling Order. Mr. Blomquist was agreeable to giving Plaintiffs to the end of July to designate experts in return for a sixteen (16) day extension from Plaintiffs for designation of Officer Harris' experts.

8. Officer Harris cannot adequately prepare a defense or determine who, if anyone beyond Plaintiffs, has personal knowledge of any of the facts at issue in this case because written discovery has not bee provided by Plaintiffs.

WHEREFORE, Officer Harris respectfully requests this Court:

A. To refuse to allow Plaintiffs to call any witnesses in this case other than themselves;

B. To refuse to allow Plaintiffs to call any experts in this case;

C. To refuse to allow Plaintiffs to introduce any evidence of any monetary damages in this case:

D. To refuse to allow Plaintiffs to introduce any documents into evidence in this case other than the documents produced on July 29, 2009 and any documents produced by Defendants.

F. To Order, alternatively, that Plaintiffs answer Officer Harris' interrogatories and respond to Officer Harris' requests for production within __ days and reissue the Scheduling Order extending all discovery deadlines;

G. To Grant such other and further relief as this Court deems necessary and appropriate.

Respectfully submitted,

_____/s/_____
Jefferson L. Blomquist
Federal Bar No.: 03770
jlblomquist @fblaw.com
Tamal A. Banton
Federal Bar No.: 27206
tbanton@fblaw.com
Funk & Bolton, P.A.
36 South Charles Street, 12th Floor
Baltimore, Maryland 21201-3111
*Attorney for Defendant Officer William Harris*

Dated: August 3, 2009

58154.004:124026