# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CRAIG KEMP, *et al.*                    &ast;

       Plaintiffs,          &ast;

v.                                      &ast;     CIVIL ACTION NO.  08-CV-00793WDQ

WILLIAM HARRIS, *et al.*                &ast;

       Defendants.          &ast;

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

## WILLIAM HARRIS' FIRST SET OF INTERROGATORIES TO PLAINTIFF, CRAIG KEMP

To:    Craig Kemp ("Plaintiff" or "Mr. Kemp")

From:  William Harris, Jr. ("Defendant" or "Officer Harris")

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant, William Harris, Jr., propounds the following interrogatories upon Plaintiff, Craig Kemp, which shall be answered in writing, fully and under oath, within the time prescribed by the Federal Rules of Civil Procedure, in accordance with the Instruction and Definitions set forth below and timely served upon the undersigned attorneys for William Harris.

## INSTRUCTIONS

(a)    These interrogatories are continuing in nature, requiring you to promptly file supplementary answers if you obtain further or different information before the conclusion of trial.

(b)    Where the name or identity of an individual is requested, please state the full name, home address, business address, business phone number (or home phone number if the person does not have a business phone number or you do not know the business phone number), home phone number and cell phone number and occupation or job title of each person identified.



EXHIBIT

1

(c)     Where the name or identity of a corporation or other legal entity is requested, state its full name, telephone number and the address of its principal office and/or the office(s) known to you.

(d)     Pursuant to Fed. R. Civ. P. 26(b)(5), if you withhold information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, you shall make the claim expressly and shall describe the nature of the information, communications, or things not disclosed in a manner that, without revealing information itself privileged or protected, will enable Defendant to assess the applicability of the privilege or protection.

(e)     If any portion of an interrogatory cannot be answered in full, you are to respond to the greatest extent possible, specifying the reasons for your inability to fully answer, to supply all the information requested or to respond completely, and describing with particularity why you are unable to state, disclose or fully answer the interrogatory.

(f)     Each of the following terms, "and," "or" and "and/or," should be read conjunctively, disjunctively and/or both ways so as to bring within the scope of an interrogatory any information that might otherwise be outside its scope.

(g)     Whenever appropriate herein, the singular form of a word shall also be interpreted as its plural.

(h)     Where knowledge or information of a party is requested, such request includes knowledge of the party's present and/or former agents, officials, representatives equitable and/or legal owners, directors, affiliates, predecessors, and, unless privileged, its attorneys. When an answer is made by a corporate party or entity, state the name, address and title of the person supplying the information, and attesting to the answer and identify the sources of that person' s information.

(i)     Where you are requested to "identify' or "list" any oral communications, your identification or list of such requested oral communications (telephonic or otherwise) shall require you to identify the persons who witnessed or overheard such oral communications, the date of such oral communications, and the length of time during which such oral communications occurred.

## DEFINITIONS

A.     The "Bridges Incident" shall mean and refer to all of the occurrences underpinning the allegations in Paragraphs 144-152 of the Complaint, including but not limited to: the alleged stop, search and seizure of a vehicle being operated by Mr. Bridges in or about the spring of 2006 and the alleged use of force during the stop.

B.     The term "communication" or "communications" shall mean and refer to any contact, oral or written, formal or informal, at any time or place and under any circumstances

whatsoever whereby information of any nature was conveyed, recorded, sent, transmitted, or transferred.

C.    The "Cox Incident" shall mean and refer to all of the occurrences underpinning the allegations in Paragraphs 126-143 of the Complaint, including but not limited to: the alleged stop and search of the vehicle occupied by Messrs. Cox and Clinton on or about August 31, 2005; the alleged search of the residence commonly known as 2810 Evergreen Avenue and the alleged seizure of property found therein; the alleged detention and search of Mr. Carter and Mr. Cox's mother; the alleged drafting and filing of criminal charges against Mr. Cox arising from said alleged searches and seizures; and the alleged entry of *nolle prosequi* on such criminal charges.

D.    The terms "document" or "documents" as used in these interrogatories shall include, mean and refer to the original or a copy of the original and any non-identical copies of any writings, drawings, graphs, charts, photographs, recordings and other data compilations from which information can be obtained, translated, or retrieved into reasonably readable or usable form.  The term includes, without limitation, papers, books, invoices, orders, bills, certificates, deeds, bills of sale, certificates of title, financing statements, instruments, expense accounts, canceled checks, catalog price lists, sound, tape and video recordings, letters, photographs, tangible things, correspondence, facsimile transmissions, communications, telegrams, cables, telex messages, memoranda, notes, notations, electronic mail, work papers, transcripts, minutes, reports and recordings of telephone or other conversations or of interviews or of conferences, or of other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, jottings, agenda, bulletins, notices, announcements, advertisements, instructions, charts, manuals, brochures, publications, schedules, price lists, journals, statistical records, desk calendars, appointment books, diaries, lists, tabulations, microfilm, microfiche, maps, deposition transcripts, drawings, blueprints, books of account, records reflecting business operations, all records kept by electronic, photographic, or mechanical means, any notes or drafts relating to the foregoing, computer printouts, data processing program libraries, data processing input and output, or any other information retrievable on storage systems (including computer-generated reports and printouts) and all things similar to any of the foregoing, however denominated.

E.    The "Ford Incident" shall mean and refer to all of the occurrences underpinning the allegations in Paragraphs 110-125 of the Complaint, including but not limited to: the alleged stop, search and seizure of a vehicle being operated by Mr. Ford on or about March 19, 2006; the alleged entry and search of the residence commonly known as 2108 Westfield Avenue; the alleged drafting and filing of criminal charges against Mr. Ford arising from said alleged searches and seizures; the alleged entry of *nolle prosequi* on such criminal charges; and the alleged stop and search of Mr. Ford in September 2006.

F.    The "Franklin Incident" shall mean and refer to all of the occurrences underpinning the allegations in Paragraphs 74-93 of the Complaint, including but not limited to: the alleged approach of the vehicle occupied by Messrs. Brice and Bazemore on or about October 28, 2005; the alleged stop and search of Messrs. Brice and Bazemore; the alleged search of the residence commonly known as 2709 Kirk Avenue, the alleged detention of Messrs.

Franklin, Roberts and Moody therein and the alleged seizure of property found therein; the alleged seizure of a navigation system from a van and the alleged transport of Messrs. Franklin, Roberts, Moody and Bazemore in said van; the alleged search of a residence located at 511 East 43rd Street, Apt. 2B; the alleged drafting and filing of criminal charges against Messrs. Bazemore, Brice, Franklin, Roberts and Moody arising from said alleged searches and seizures; and the alleged entry of *nolle prosequi* on such criminal charges or the placement of such charges on the STET docket, or the adjudication of such charges as not guilty.

G.    The "Hines Incident" shall mean and refer to all of the occurrences underpinning the allegations in Paragraphs 94-109 of the Complaint, including but not limited to: the alleged stop, approach and search of a vehicle occupied by Mr. Hines on or about September 12, 2005; the alleged plant of marijuana on Mr. Hines and/or in the vehicle he was operating; the alleged drafting and filing of criminal charges against Mr. Hines arising from the foregoing activities; and the alleged placement of the charges on the STET docket.

H.    The "Kemp Incident" shall mean and refer to all of the occurrences underpinning the allegations in Paragraphs 51-73 of the Complaint, including but not limited to: the alleged vehicle stop of Messrs. Kemp and Cozart on or about November 2, 2005; the alleged search of the residence commonly known as 536 Highland St. and the alleged seizure of property found therein; the alleged drafting and filing of criminal charges against Mr. Kemp arising from said alleged searches and seizures; and the alleged entry of *nolle prosequi* on such criminal charges.

I.    The term "Officer Harris" shall mean and refer to Defendant, William Harris.

J.    The term "person" as used in this document request means and includes an individual, a corporation, a partnership, a trust, an association or any other entity.

K.    As used herein, the terms "relative" and "relative to" mean comprising, concerning, constituting, containing, describing, disclosing, discussing, embodying, explaining, identifying, pertaining to, referring to, reflecting, relating to, setting forth, showing, stating, or summarizing.

L.    "You" and "your" shall mean and refer to Plaintiff, Craig Kemp, and his current or former employees, agents and/or representatives, including anyone action on his behalf.

M.    The "Williams Incident" shall mean and refer to all of the occurrences underpinning the allegations in Paragraphs 153-176 of the Complaint, including but not limited to: the dialog between Officer Moss and Mr. Williams in January 2006; and the alleged stop of Mr. William and the alleged search of his truck two months later.

# INTERROGATORIES

**INTERROGATORY NO. 1**. Please identify all persons with personal knowledge relative to the Kemp Incident and provide a comprehensive description of the matters known by each person identified.

**INTERROGATORY NO. 2**. Please identify each person with personal knowledge that Officer Harris violated the constitutional rights of Plaintiffs, authorized another officer to violate the constitutional rights of Plaintiffs, or observed the constitutional rights of Plaintiffs being violated and did nothing to stop such violations, and provide a comprehensive description of all matters known by each person identified.

**INTERROGATORY NO. 3**. Please identify each item of property seized or authorized to be seized by Officer Harris, state whether such item of property was forfeited, returned, held as evidence or otherwise disposed, state whether you had any ownership interest in such property and if so describe or specify the nature of such ownership interest and identify each person with personal knowledge of such matters.

**INTERROGATORY NO. 4**. Please list and describe each component of economic damages incurred by you relative to the Complaint (as and if from time to time amended) and identify each person with personal knowledge of each such component of economic damages.

**INTERROGATORY NO. 5**. Please list and describe each of non-economic damages incurred by you relative to the Complaint (as and if from time to time amended) and identify each person with personal knowledge of each such component of non-economic damages.

INTERROGATORY NO. 6.        Please list and describe each injury incurred by you relative to the Complaint (as and if from time to time amended) and identify each person with personal knowledge of each such injury.

INTERROGATORY NO. 7.        Identify each person you expect to call as an expert witness at trial, state the subject matter on which each such expert is expected to testify, state the substance of the findings and opinions to which each such expert is expected to testify and provide a summary of the facts supporting, and the grounds and rationale in support of, each finding and/or opinion, identify any exhibits that will be used by such expert in conjunction with any testimony to be offered, list the publications authored by each such expert during the past ten (10) years, and list the cases, by names of all plaintiffs and defendants and the name and docket number of the court in which each such case was pending in which each such expert was deposed or offered testimony and state the fees charged by each such expert for his/her services to date and the fees anticipated to be charged in the event this case proceeds to trial.

INTERROGATORY NO. 8:        Specify and describe your personal history including stating your full name, any aliases and/or nicknames, listing each address where you have lived during the past twelve (12) years, stating your date and place of birth, stating your marital status, providing your social security number, your driver's license number and state of license, the names, ages and addresses of your children and/or children residing with you in the last twelve (12) years, the names and addresses of any girlfriends, friends, roommates, and/or associates you have resided with and/or regularly spent the night with in the last twelve (12) years, any and all personal vehicles owned and/or used by you in the last twelve (12) years, including the license number and vehicle information number (VIN number), and stating each educational degree that has been conferred on you and the date when said degree was conferred

on you, and advising of the dates of any military service, the branch in which you served and the nature of your discharge from military service.

INTERROGATORY NO. 9: Identify each employer for whom you have worked during the past ten (10) years and specify the dates of your employment with each such employer, your duties for each such employer, and the reason for cessation of employment with each such employer and identify each source of income you have had during the past ten years.

INTERROGATORY NO. 10: Specify and describe each crime for which you have been convicted during the past fifteen (15) years where you were represented by counsel and/or waived representation of counsel, being sure to include any crime for which you received a sentence of probation before judgment.

INTERROGATORY NO. 11: Provide a synopsis of any admission allegedly made by Officer Harris and identify each person with personal knowledge of each such admission.

INTERROGATORY NO. 12: State whether you have ever spent a night or more in a jail, a correctional facility or other detention facility within the past fifteen (15) years and, if so, identify each such facility, state the dates when you were incarcerated in each such facility and explain why you were incarcerated in each such facility.

INTERROGATORY NO. 13: Specify and describe what you were doing forty-eight (48) hours before and forty-eight (48) hours after you were stopped on or about November 2, 2005 in conjunction with the Kemp Incident and identify each person with personal knowledge of what you were doing during that period of time.

INTERROGATORY NO. 14: List by name of any groups, organizations, gangs, affiliations, associations and/or Plaintiffs in the above-captioned case, whether or not formally organized, that you have been a member of, been affiliated with, been associated with,  or

participated in activities with from January 1, 1996 to present and provide the names (including nicknames and aliases), addresses, telephone numbers of any persons that have personal knowledge of any of the incidents described in the com plaint that are and/or were members of any of the groups named in response to this Interrogatory.

Respectfully submitted,

_____
Jefferson L. Blomquist, Federal Bar No. 03770
jblomquist@fblaw.com
Tamal A. Banton, Federal Bar No. 27206
tbanton@fblaw.com
Funk & Bolton, P.A.
36 South Charles Street, 12th Floor
Baltimore, Maryland 21201
410/659-7700 (Telephone)
410/659-7773 (Facsimile)
*Attorneys for Defendant, William Harris, Jr.*

58154.004:118829

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 4th day of December 2008, a copy of William Harris'

First Set of Interrogatories to Craig Kemp was hand-delivered to:

Christie P. Needleman, Esquire
The Needleman Law Office LLC
1005 N. Calvert Street
Baltimore, Maryland 21202
*Co-Counsel for Plaintiffs*

and delivered via first class mail, postage prepaid to:

Matthew Evan Bennett, Esquire
Law Office of Matthew E. Bennett
8720 Georgia Avenue, Suite 701
Silver Spring, Maryland 20910
*Co-Counsel for Plaintiffs*

James Howard Fields, Esquire
Joseph E. Spicer, Esquire
Jones and Associates PC
111 S. Calvert Street, Suite 2700
Baltimore, Maryland 21201
*Counsel for Defendants Agustin Rodriquez, Kiam Preston, Nathan Roles, and Chemene Washington*

Neal Marcellas Janey, Jr., Esquire
Baltimore Police Department
242 W. 29th Street
Baltimore, Maryland 21211
*Counsel for Defendants Deborah Owens, Leonard D. Hamm, and The Baltimore Police Department, and Co-Counsel for Defendant Mayor and City Council of Baltimore City*

David E. Ralph, Esquire
Law Offices of David E. Ralph LLC
2423 Maryland Avenue, Suite 100
Baltimore, Maryland 21218
*Co-Counsel for Defendant Mayor and City Council of Baltimore City*

Jefferson L. Blomquist

58154.004:119069

# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CRAIG KEMP, *et al.*              *

       Plaintiffs,         *

v.                       *     CIVIL ACTION NO. 08-CV-00793WDQ

WILLIAM HARRIS, *et al.*        *

       Defendants.      *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## WILLIAM HARRIS' FIRST SET OF INTERROGATORIES
## TO PLAINTIFF, CRYSTAL KEMP

To:    Crystal Kemp ("Plaintiff" or "Ms. Kemp")

From:   William Harris, Jr. ("Defendant" or "Officer Harris")

      Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant, William Harris, Jr., propounds the following interrogatories upon Plaintiff, Crystal Kemp, which shall be answered in writing, fully and under oath, within the time prescribed by the Federal Rules of Civil Procedure, in accordance with the Instruction and Definitions set forth below and timely served upon the undersigned attorneys for William Harris.

## INSTRUCTIONS

      (a)    These Interrogatories are continuing in nature, requiring you to promptly file supplementary answers if you obtain further or different information before the conclusion of trial.

      (b)    Where the name or identity of an individual is requested, please state the full name, home address, business address, business phone number (or home phone number if the person does not have a business phone number or you do not know the business phone number), home phone number and cell phone number and occupation or job title of each person identified.



(c)    Where the name or identity of a corporation or other legal entity is requested, state its full name, telephone number and the address of its principal office and/or the office(s) known to you.

(d)    Pursuant to Fed. R. Civ. P. 26(b)(5), if you withhold information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, you shall make the claim expressly and shall describe the nature of the information, communications, or things not disclosed in a manner that, without revealing information itself privileged or protected, will enable Defendant to assess the applicability of the privilege or protection.

(e)    If any portion of an Interrogatory cannot be answered in full, you are to respond to the greatest extent possible, specifying the reasons for your inability to fully answer, to supply all the information requested or to respond completely, and describing with particularity why you are unable to state, disclose or fully answer the interrogatory.

(f)    Each of the following terms, "and," "or" and "and/or," should be read conjunctively, disjunctively and/or both ways so as to bring within the scope of an interrogatory any information that might otherwise be outside its scope.

(g)    Whenever appropriate herein, the singular form of a word shall also be interpreted as its plural.

(h)    Where knowledge or information of a party is requested, such request includes knowledge of the party's present and/or former agents, officials, representatives equitable and/or legal owners, directors, affiliates, predecessors, and, unless privileged, its attorneys. When an answer is made by a corporate party or entity, state the name, address and title of the person supplying the information, and attesting to the answer and identify the sources of that person' s information.

(i)    Where you are requested to "identify' or "list" any oral communications, your identification or list of such requested oral communications (telephonic or otherwise) shall require you to identify the persons who witnessed or overheard such oral communications, the date of such oral communications, and the length of time during which such oral communications occurred.

## DEFINITIONS

A.    The "Bridges Incident" shall mean and refer to all of the occurrences underpinning the allegations in Paragraphs 144-152 of the Complaint, including but not limited to: the alleged stop, search and seizure of a vehicle being operated by Mr. Bridges in or about the spring of 2006 and the alleged use of force during the stop.

B.    The term "communication" or "communications" shall mean and refer to any contact, oral or written, formal or informal, at any time or place and under any circumstances

whatsoever whereby information of any nature was conveyed, recorded, sent, transmitted, or transferred.

C.    The "Cox Incident" shall mean and refer to all of the occurrences underpinning the allegations in Paragraphs 126-143 of the Complaint, including but not limited to: the alleged stop and search of the vehicle occupied by Messrs. Cox and Clinton on or about August 31, 2005; the alleged search of the residence commonly known as 2810 Evergreen Avenue and the alleged seizure of property found therein; the alleged detention and search of Mr. Carter and Mr. Cox's mother; the alleged drafting and filing of criminal charges against Mr. Cox arising from said alleged searches and seizures; and the alleged entry of *nolle prosequi* on such criminal charges.

D.    The terms "document" or "documents" as used in these interrogatories shall include, mean and refer to the original or a copy of the original and any non-identical copies of any writings, drawings, graphs, charts, photographs, recordings and other data compilations from which information can be obtained, translated, or retrieved into reasonably readable or usable form. The term includes, without limitation, papers, books, invoices, orders, bills, certificates, deeds, bills of sale, certificates of title, financing statements, instruments, expense accounts, canceled checks, catalog price lists, sound, tape and video recordings, letters, photographs, tangible things, correspondence, facsimile transmissions, communications, telegrams, cables, telex messages, memoranda, notes, notations, electronic mail, work papers, transcripts, minutes, reports and recordings of telephone or other conversations or of interviews or of conferences, or of other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, jottings, agenda, bulletins, notices, announcements, advertisements, instructions, charts, manuals, brochures, publications, schedules, price lists, journals, statistical records, desk calendars, appointment books, diaries, lists, tabulations, microfilm, microfiche, maps, deposition transcripts, drawings, blueprints, books of account, records reflecting business operations, all records kept by electronic, photographic, or mechanical means, any notes or drafts relating to the foregoing, computer printouts, data processing program libraries, data processing input and output, or any other information retrievable on storage systems (including computer-generated reports and printouts) and all things similar to any of the foregoing, however denominated.

E.    The "Ford Incident" shall mean and refer to all of the occurrences underpinning the allegations in Paragraphs 110-125 of the Complaint, including but not limited to: the alleged stop, search and seizure of a vehicle being operated by Mr. Ford on or about March 19, 2006; the alleged entry and search of the residence commonly known as 2108 Westfield Avenue; the alleged drafting and filing of criminal charges against Mr. Ford arising from said alleged searches and seizures; the alleged entry of *nolle prosequi* on such criminal charges; and the alleged stop and search of Mr. Ford in September 2006.

F.    The "Franklin Incident" shall mean and refer to all of the occurrences underpinning the allegations in Paragraphs 74-93 of the Complaint, including but not limited to: the alleged approach of the vehicle occupied by Messrs. Brice and Bazemore on or about October 28, 2005; the alleged stop and search of Messrs. Brice and Bazemore; the alleged search of the residence commonly known as 2709 Kirk Avenue, the alleged detention of Messrs.

Franklin, Roberts and Moody therein and the alleged seizure of property found therein; the alleged seizure of a navigation system from a van and the alleged transport of Messrs. Franklin, Roberts, Moody and Bazemore in said van; the alleged search of a residence located at 511 East 43rd Street, Apt. 2B; the alleged drafting and filing of criminal charges against Messrs. Bazemore, Brice, Franklin, Roberts and Moody arising from said alleged searches and seizures; and the alleged entry of *nolle prosequi* on such criminal charges or the placement of such charges on the STET docket, or the adjudication of such charges as not guilty.

G.     The "Hines Incident" shall mean and refer to all of the occurrences underpinning the allegations in Paragraphs 94-109 of the Complaint, including but not limited to: the alleged stop, approach and search of a vehicle occupied by Mr. Hines on or about September 12, 2005; the alleged plant of marijuana on Mr. Hines and/or in the vehicle he was operating; the alleged drafting and filing of criminal charges against Mr. Hines arising from the foregoing activities; and the alleged placement of the charges on the STET docket.

H.     The "Kemp Incident" shall mean and refer to all of the occurrences underpinning the allegations in Paragraphs 51-73 of the Complaint, including but not limited to: the alleged vehicle stop of Messrs. Kemp and Cozart on or about November 2, 2005; the alleged search of the residence commonly known as 536 Highland St. and the alleged seizure of property found therein; the alleged drafting and filing of criminal charges against Mr. Kemp arising from said alleged searches and seizures; and the alleged entry of *nolle prosequi* on such criminal charges.

I.     The term "Officer Harris" shall mean and refer to Defendant, William Harris.

J.     The term "person" as used in this document request means and includes an individual, a corporation, a partnership, a trust, an association or any other entity.

K.     As used herein, the terms "relative" and "relative to" mean comprising, concerning, constituting, containing, describing, disclosing, discussing, embodying, explaining, identifying, pertaining to, referring to, reflecting, relating to, setting forth, showing, stating, or summarizing.

L.     "You" and "your" shall mean and refer to Plaintiff, Crystal Kemp, and her current or former employees, agents and/or representatives, including anyone action on her behalf.

M.     The "Williams Incident" shall mean and refer to all of the occurrences underpinning the allegations in Paragraphs 153-176 of the Complaint, including but not limited to: the dialog between Officer Moss and Mr. Williams in January 2006; and the alleged stop of Mr. William and the alleged search of his truck two months later.

## INTERROGATORIES

INTERROGATORY NO. 1.    Please identify all persons with personal knowledge relative to the Kemp Incident and provide a comprehensive description of the matters known by each person identified.

INTERROGATORY NO. 2.    Please identify each person with personal knowledge that Officer Harris violated the constitutional rights of Plaintiffs, authorized another officer to violate the constitutional rights of Plaintiffs, or observed the constitutional rights of Plaintiffs being violated and did nothing to stop such violations, and provide a comprehensive description of all matters known by each person identified.

INTERROGATORY NO. 3.    Please identify each item of property seized or authorized to be seized by Officer Harris, state whether such item of property was forfeited, returned, held as evidence or otherwise disposed, state whether you had any ownership interest in such property and if so describe or specify the nature of such ownership interest and identify each person with personal knowledge of such matters.

INTERROGATORY NO. 4.    Please list and describe each component of economic damages incurred by you relative to the Complaint (as and if from time to time amended) and identify each person with personal knowledge of each such component of economic damages.

INTERROGATORY NO. 5.    Please list and describe each of non-economic damages incurred by you relative to the Complaint (as and if from time to time amended) and identify each person with personal knowledge of each such component of non-economic damages.

INTERROGATORY NO. 6.        Please list and describe each injury incurred by you relative to the Complaint (as and if from time to time amended) and identify each person with personal knowledge of each such injury.

INTERROGATORY NO. 7.        Identify each person you expect to call as an expert witness at trial, state the subject matter on which each such expert is expected to testify, state the substance of the findings and opinions to which each such expert is expected to testify and provide a summary of the facts supporting, and the grounds and rationale in support of, each finding and/or opinion, identify any exhibits that will be used by such expert in conjunction with any testimony to be offered, list the publications authored by each such expert during the past ten (10) years, and list the cases, by names of all plaintiffs and defendants and the name and docket number of the court in which each such case was pending in which each such expert was deposed or offered testimony and state the fees charged by each such expert for his/her services to date and the fees anticipated to be charged in the event this case proceeds to trial.

INTERROGATORY NO. 8:        Specify and describe your personal history including stating your full name, any aliases and/or nicknames, listing each address where you have lived during the past twelve (12) years, stating your date and place of birth, stating your marital status, providing your social security number, your driver's license number and state of license, the names, ages and addresses of your children and/or children residing with you in the last twelve (12) years, the names and addresses of any girlfriends, friends, roommates, and/or associates you have resided with and/or regularly spent the night with in the last twelve (12) years, any and all personal vehicles owned and/or used by you in the last twelve (12) years, including the license number and vehicle information number (VIN number), and stating each educational degree that has been conferred on you and the date when said degree was conferred

on you, and advising of the dates of any military service, the branch in which you served and the nature of your discharge from military service.

INTERROGATORY NO. 9:        Identify each employer for whom you have worked during the past ten (10) years and specify the dates of your employment with each such employer, your duties for each such employer, and the reason for cessation of employment with each such employer and identify each source of income you have had during the past ten years.

INTERROGATORY NO. 10:        Specify and describe each crime for which you have been convicted during the past fifteen (15) years where you were represented by counsel and/or waived representation of counsel, being sure to include any crime for which you received a sentence of probation before judgment.

INTERROGATORY NO. 11:        Provide a synopsis of any admission allegedly made by Officer Harris and identify each person with personal knowledge of each such admission.

INTERROGATORY NO. 12:        State whether you have ever spent a night or more in a jail, a correctional facility or other detention facility within the past fifteen (15) years and, if so, identify each such facility, state the dates when you were incarcerated in each such facility and explain why you were incarcerated in each such facility.

INTERROGATORY NO. 13:        Specify and describe what you were doing forty-eight (48) hours before and forty-eight (48) hours after you were stopped on or about November 2, 2005 in conjunction with the Kemp Incident and identify each person with personal knowledge of what you were doing during that period of time.

INTERROGATORY NO. 14:        List by name of any groups, organizations, gangs, affiliations, associations and/or Plaintiffs in the above-captioned case, whether or not formally organized, that you have been a member of, been affiliated with, been associated with,   or

participated in activities with from January 1, 1996 to present and provide the names (including nicknames and aliases), addresses, telephone numbers of any persons that have personal knowledge of any of the incidents described in the com plaint that are and/or were members of any of the groups named in response to this Interrogatory.

Respectfully submitted,

Jefferson L. Blomquist, Federal Bar No. 03770
jblomquist@fblaw.com
Tamal A. Banton, Federal Bar No. 27206
tbanton@fblaw.com
Funk & Bolton, P.A.
36 South Charles Street, 12th Floor
Baltimore, Maryland 21201
410/659-7700 (Telephone)
410/659-7773 (Facsimile)
*Attorneys for Defendant, William Harris, Jr.*

58154.004:118990

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 4th day of December 2008, a copy of William Harris'

First Set of Interrogatories to Crystal Kemp was hand-delivered to:

> Christie P. Needleman, Esquire
> The Needleman Law Office LLC
> 1005 N. Calvert Street
> Baltimore, Maryland 21202
> *Co-Counsel for Plaintiffs*

and delivered via first class mail, postage prepaid to:

> Matthew Evan Bennett, Esquire
> Law Office of Matthew E. Bennett
> 8720 Georgia Avenue, Suite 701
> Silver Spring, Maryland 20910
> *Co-Counsel for Plaintiffs*

> James Howard Fields, Esquire
> Joseph E. Spicer, Esquire
> Jones and Associates PC
> 111 S. Calvert Street, Suite 2700
> Baltimore, Maryland 21201
> *Counsel for Defendants Agustin Rodriquez, Kiam Preston, Nathan Roles, and Chemene Washington*

> Neal Marcellas Janey, Jr., Esquire
> Baltimore Police Department
> 242 W. 29th Street
> Baltimore, Maryland 21211
> *Counsel for Defendants Deborah Owens, Leonard D. Hamm, and The Baltimore Police Department, and Co-Counsel for Defendant Mayor and City Council of Baltimore City*

> David E. Ralph, Esquire
> Law Offices of David E. Ralph LLC
> 2423 Maryland Avenue, Suite 100
> Baltimore, Maryland 21218
> *Co-Counsel for Defendant Mayor and City Council of Baltimore City*

Jefferson L. Blomquist

58154.004:119069

# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CRAIG KEMP, *et al.*                   \*

            Plaintiffs,         \*

v.                               \*       CIVIL ACTION NO.  08-CV-00793WDQ

WILLIAM HARRIS, *et al.*             \*

            Defendants.       \*

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## WILLIAM HARRIS' FIRST SET OF INTERROGATORIES
## TO PLAINTIFF, SEAN COZART

To:     Sean Cozart ("Plaintiff" or "Mr. Cozart")

From:   William Harris, Jr. ("Defendant" or "Officer Harris")

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant, William Harris, Jr., propounds the following interrogatories upon Plaintiff, Sean Cozart, which shall be answered in writing, fully and under oath, within the time prescribed by the Federal Rules of Civil Procedure, in accordance with the Instruction and Definitions set forth below and timely served upon the undersigned attorneys for William Harris.

## INSTRUCTIONS

(a)     These interrogatories are continuing in nature, requiring you to promptly file supplementary answers if you obtain further or different information before the conclusion of trial.

(b)     Where the name or identity of an individual is requested, please state the full name, home address, business address, business phone number (or home phone number if the person does not have a business phone number or you do not know the business phone number), home phone number and cell phone number and occupation or job title of each person identified.



EXHIBIT

**3**

(c)     Where the name or identity of a corporation or other legal entity is requested, state its full name, telephone number and the address of its principal office and/or the office(s) known to you.

(d)     Pursuant to Fed. R. Civ. P. 26(b)(5), if you withhold information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, you shall make the claim expressly and shall describe the nature of the information, communications, or things not disclosed in a manner that, without revealing information itself privileged or protected, will enable Defendant to assess the applicability of the privilege or protection.

(e)     If any portion of an interrogatory cannot be answered in full, you are to respond to the greatest extent possible, specifying the reasons for your inability to fully answer, to supply all the information requested or to respond completely, and describing with particularity why you are unable to state, disclose or fully answer the interrogatory.

(f)     Each of the following terms, "and," "or" and "and/or," should be read conjunctively, disjunctively and/or both ways so as to bring within the scope of an interrogatory any information that might otherwise be outside its scope.

(g)     Whenever appropriate herein, the singular form of a word shall also be interpreted as its plural.

(h)     Where knowledge or information of a party is requested, such request includes knowledge of the party's present and/or former agents, officials, representatives equitable and/or legal owners, directors, affiliates, predecessors, and, unless privileged, its attorneys. When an answer is made by a corporate party or entity, state the name, address and title of the person supplying the information, and attesting to the answer and identify the sources of that person's information.

(i)     Where you are requested to "identify' or "list" any oral communications, your identification or list of such requested oral communications (telephonic or otherwise) shall require you to identify the persons who witnessed or overheard such oral communications, the date of such oral communications, and the length of time during which such oral communications occurred.

## DEFINITIONS

A.     The "Bridges Incident" shall mean and refer to all of the occurrences underpinning the allegations in Paragraphs 144-152 of the Complaint, including but not limited to: the alleged stop, search and seizure of a vehicle being operated by Mr. Bridges in or about the spring of 2006 and the alleged use of force during the stop.

B.     The term "communication" or "communications" shall mean and refer to any contact, oral or written, formal or informal, at any time or place and under any circumstances

whatsoever whereby information of any nature was conveyed, recorded, sent, transmitted, or transferred.

     C.     The "Cox Incident" shall mean and refer to all of the occurrences underpinning the allegations in Paragraphs 126-143 of the Complaint, including but not limited to: the alleged stop and search of the vehicle occupied by Messrs. Cox and Clinton on or about August 31, 2005; the alleged search of the residence commonly known as 2810 Evergreen Avenue and the alleged seizure of property found therein; the alleged detention and search of Mr. Carter and Mr. Cox's mother; the alleged drafting and filing of criminal charges against Mr. Cox arising from said alleged searches and seizures; and the alleged entry of *nolle prosequi* on such criminal charges.

     D.     The terms "document" or "documents" as used in these interrogatories shall include, mean and refer to the original or a copy of the original and any non-identical copies of any writings, drawings, graphs, charts, photographs, recordings and other data compilations from which information can be obtained, translated, or retrieved into reasonably readable or usable form. The term includes, without limitation, papers, books, invoices, orders, bills, certificates, deeds, bills of sale, certificates of title, financing statements, instruments, expense accounts, canceled checks, catalog price lists, sound, tape and video recordings, letters, photographs, tangible things, correspondence, facsimile transmissions, communications, telegrams, cables, telex messages, memoranda, notes, notations, electronic mail, work papers, transcripts, minutes, reports and recordings of telephone or other conversations or of interviews or of conferences, or of other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, jottings, agenda, bulletins, notices, announcements, advertisements, instructions, charts, manuals, brochures, publications, schedules, price lists, journals, statistical records, desk calendars, appointment books, diaries, lists, tabulations, microfilm, microfiche, maps, deposition transcripts, drawings, blueprints, books of account, records reflecting business operations, all records kept by electronic, photographic, or mechanical means, any notes or drafts relating to the foregoing, computer printouts, data processing program libraries, data processing input and output, or any other information retrievable on storage systems (including computer-generated reports and printouts) and all things similar to any of the foregoing, however denominated.

     E.     The "Ford Incident" shall mean and refer to all of the occurrences underpinning the allegations in Paragraphs 110-125 of the Complaint, including but not limited to: the alleged stop, search and seizure of a vehicle being operated by Mr. Ford on or about March 19, 2006; the alleged entry and search of the residence commonly known as 2108 Westfield Avenue; the alleged drafting and filing of criminal charges against Mr. Ford arising from said alleged searches and seizures; the alleged entry of *nolle prosequi* on such criminal charges; and the alleged stop and search of Mr. Ford in September 2006.

     F.     The "Franklin Incident" shall mean and refer to all of the occurrences underpinning the allegations in Paragraphs 74-93 of the Complaint, including but not limited to: the alleged approach of the vehicle occupied by Messrs. Brice and Bazemore on or about October 28, 2005; the alleged stop and search of Messrs. Brice and Bazemore; the alleged search of the residence commonly known as 2709 Kirk Avenue, the alleged detention of Messrs.

Franklin, Roberts and Moody therein and the alleged seizure of property found therein; the alleged seizure of a navigation system from a van and the alleged transport of Messrs. Franklin, Roberts, Moody and Bazemore in said van; the alleged search of a residence located at 511 East 43rd Street, Apt. 2B; the alleged drafting and filing of criminal charges against Messrs. Bazemore, Brice, Franklin, Roberts and Moody arising from said alleged searches and seizures; and the alleged entry of *nolle prosequi* on such criminal charges or the placement of such charges on the STET docket, or the adjudication of such charges as not guilty.

G.    The "Hines Incident" shall mean and refer to all of the occurrences underpinning the allegations in Paragraphs 94-109 of the Complaint, including but not limited to: the alleged stop, approach and search of a vehicle occupied by Mr. Hines on or about September 12, 2005; the alleged plant of marijuana on Mr. Hines and/or in the vehicle he was operating; the alleged drafting and filing of criminal charges against Mr. Hines arising from the foregoing activities; and the alleged placement of the charges on the STET docket.

H.    The "Kemp Incident" shall mean and refer to all of the occurrences underpinning the allegations in Paragraphs 51-73 of the Complaint, including but not limited to: the alleged vehicle stop of Messrs. Kemp and Cozart on or about November 2, 2005; the alleged search of the residence commonly known as 536 Highland St. and the alleged seizure of property found therein; the alleged drafting and filing of criminal charges against Mr. Kemp arising from said alleged searches and seizures; and the alleged entry of *nolle prosequi* on such criminal charges.

I.    The term "Officer Harris" shall mean and refer to Defendant, William Harris.

J.    The term "person" as used in this document request means and includes an individual, a corporation, a partnership, a trust, an association or any other entity.

K.    As used herein, the terms "relative" and "relative to" mean comprising, concerning, constituting, containing, describing, disclosing, discussing, embodying, explaining, identifying, pertaining to, referring to, reflecting, relating to, setting forth, showing, stating, or summarizing.

L.    "You" and "your" shall mean and refer to Plaintiff, Sean Cozart, and his current or former employees, agents and/or representatives, including anyone action on his behalf.

M.    The "Williams Incident" shall mean and refer to all of the occurrences underpinning the allegations in Paragraphs 153-176 of the Complaint, including but not limited to: the dialog between Officer Moss and Mr. Williams in January 2006; and the alleged stop of Mr. William and the alleged search of his truck two months later.

# INTERROGATORIES

INTERROGATORY NO. 1.    Please identify all persons with personal knowledge relative to the Kemp Incident and provide a comprehensive description of the matters known by each person identified.

INTERROGATORY NO. 2.    Please identify each person with personal knowledge that Officer Harris violated the constitutional rights of Plaintiffs, authorized another officer to violate the constitutional rights of Plaintiffs, or observed the constitutional rights of Plaintiffs being violated and did nothing to stop such violations, and provide a comprehensive description of all matters known by each person identified.

INTERROGATORY NO. 3.    Please identify each item of property seized or authorized to be seized by Officer Harris, state whether such item of property was forfeited, returned, held as evidence or otherwise disposed, state whether you had any ownership interest in such property and if so describe or specify the nature of such ownership interest and identify each person with personal knowledge of such matters.

INTERROGATORY NO. 4.    Please list and describe each component of economic damages incurred by you relative to the Complaint (as and if from time to time amended) and identify each person with personal knowledge of each such component of economic damages.

INTERROGATORY NO. 5.    Please list and describe each of non-economic damages incurred by you relative to the Complaint (as and if from time to time amended) and identify each person with personal knowledge of each such component of non-economic damages.

INTERROGATORY NO. 6.        Please list and describe each injury incurred by you relative to the Complaint (as and if from time to time amended) and identify each person with personal knowledge of each such injury.

INTERROGATORY NO. 7.        Identify each person you expect to call as an expert witness at trial, state the subject matter on which each such expert is expected to testify, state the substance of the findings and opinions to which each such expert is expected to testify and provide a summary of the facts supporting, and the grounds and rationale in support of, each finding and/or opinion, identify any exhibits that will be used by such expert in conjunction with any testimony to be offered, list the publications authored by each such expert during the past ten (10) years, and list the cases, by names of all plaintiffs and defendants and the name and docket number of the court in which each such case was pending in which each such expert was deposed or offered testimony and state the fees charged by each such expert for his/her services to date and the fees anticipated to be charged in the event this case proceeds to trial.

INTERROGATORY NO. 8:        Specify   and   describe   your   personal   history including stating your full name, any aliases and/or nicknames, listing each address where you have lived during the past twelve (12) years, stating your date and place of birth, stating your marital status, providing your social security number, your driver's license number and state of license, the names, ages and addresses of your children and/or children residing with you in the last twelve (12) years, the names and addresses of any girlfriends, friends, roommates, and/or associates you have resided with and/or regularly spent the night with in the last twelve (12) years, any and all personal vehicles owned and/or used by you in the last twelve (12) years, including the license number and vehicle information number (VIN number), and stating each educational degree that has been conferred on you and the date when said degree was conferred

on you, and advising of the dates of any military service, the branch in which you served and the nature of your discharge from military service.

INTERROGATORY NO. 9:    Identify each employer for whom you have worked during the past ten (10) years and specify the dates of your employment with each such employer, your duties for each such employer, and the reason for cessation of employment with each such employer and identify each source of income you have had during the past ten years.

INTERROGATORY NO. 10:    Specify and describe each crime for which you have been convicted during the past fifteen (15) years where you were represented by counsel and/or waived representation of counsel, being sure to include any crime for which you received a sentence of probation before judgment.

INTERROGATORY NO. 11:    Provide a synopsis of any admission allegedly made by Officer Harris and identify each person with personal knowledge of each such admission.

INTERROGATORY NO. 12:    State whether you have ever spent a night or more in a jail, a correctional facility or other detention facility within the past fifteen (15) years and, if so, identify each such facility, state the dates when you were incarcerated in each such facility and explain why you were incarcerated in each such facility.

INTERROGATORY NO. 13:    Specify and describe what you were doing forty-eight (48) hours before and forty-eight (48) hours after you were stopped on or about November 2, 2005 in conjunction with the Kemp Incident and identify each person with personal knowledge of what you were doing during that period of time.

INTERROGATORY NO. 14:    List by name of any groups, organizations, gangs, affiliations, associations and/or Plaintiffs in the above-captioned case, whether or not formally organized, that you have been a member of, been affiliated with, been associated with,   or

participated in activities with from January 1, 1996 to present and provide the names (including nicknames and aliases), addresses, telephone numbers of any persons that have personal knowledge of any of the incidents described in the com plaint that are and/or were members of any of the groups named in response to this Interrogatory.

<div style="margin-left: 40%;">

Respectfully submitted,

_[signature]_

Jefferson L. Blomquist, Federal Bar No. 03770
jblomquist@fblaw.com
Tamal A. Banton, Federal Bar No. 27206
tbanton@fblaw.com
Funk & Bolton, P.A.
36 South Charles Street, 12th Floor
Baltimore, Maryland 21201
410/659-7700 (Telephone)
410/659-7773 (Facsimile)
*Attorneys for Defendant, William Harris, Jr.*

</div>

58154.004:119023

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this ___ day of December 2008, a copy of William Harris'

First Set of Interrogatories to Sean Cozart was hand-delivered to:

Christie P. Needleman, Esquire
The Needleman Law Office LLC
1005 N. Calvert Street
Baltimore, Maryland 21202
*Co-Counsel for Plaintiffs*

and delivered via first class mail, postage prepaid to:

Matthew Evan Bennett, Esquire
Law Office of Matthew E. Bennett
8720 Georgia Avenue, Suite 701
Silver Spring, Maryland 20910
*Co-Counsel for Plaintiffs*

James Howard Fields, Esquire
Joseph E. Spicer, Esquire
Jones and Associates PC
111 S. Calvert Street, Suite 2700
Baltimore, Maryland 21201
*Counsel for Defendants Agustin Rodriquez, Kiam Preston, Nathan Roles, and Chemene Washington*

Neal Marcellas Janey, Jr., Esquire
Baltimore Police Department
242 W. 29th Street
Baltimore, Maryland 21211
*Counsel for Defendants Deborah Owens, Leonard D. Hamm, and The Baltimore Police Department, and Co-Counsel for Defendant Mayor and City Council of Baltimore City*

David E. Ralph, Esquire
Law Offices of David E. Ralph LLC
2423 Maryland Avenue, Suite 100
Baltimore, Maryland 21218
*Co-Counsel for Defendant Mayor and City Council of Baltimore City*

Jefferson L. Blomquist