# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CRAIG KEMP, *et al.* | * | |
| Plaintiffs, | * | |
| v. | * | CIVIL ACTION NO. 08-CV-00793WDQ |
| WILLIAM HARRIS, *et al.* | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## WILLIAM HARRIS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DERIC FORD

To: Deric Ford ("Plaintiff")

From: William Harris, Jr. ("Defendant")

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Rule 104 of the United States District Court for the District of Maryland, Plaintiff, Deric Ford is requested to respond in writing, fully and under oath, to Defendant, William Harris' First Request for Production of Documents and thing and to produce the following documents and things for inspection and copying at the offices of Funk & Bolton, P.A., 36 South Charles Street, 12th Floor, Baltimore, Maryland, 21201, on or before the 3rd day of January 2009 at 5:00 p.m.

## INSTRUCTIONS

(a) The documents shall be organized by you and labeled and produced in a category or grouping that corresponds to the number(s) of the Document Request to which the documents are responsive. If documents are produced as they are kept in the ordinary course of business, the name or identity of the file in which they are kept shall be produced.

(b) Pursuant to Fed R. Civ. P. 26(e), this First Request for Production of Documents (the "Request") is continuing in character, requiring you to promptly amend or supplement your response if you obtain further responsive documents, objects or other tangible things.



EXHIBIT 28

(c) If in responding to this Request for Production, the responding party encounters any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

1. If you are withholding the document under claim of privilege (including, but not limited to, the work product doctrine), please provide the information set forth in Fed. R. Civ. P. 26(b)(5) and Discovery Guideline 9(c)(ii)(b), including the type of document, the general subject matter of the document, the date of the document, and such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other, in a manner that, without revealing the information claimed to be protected, will enable this party to assess the applicability of the privilege or protection claimed by you; and

2. If you are withholding the document for any reason other than an objection that it is beyond the scope of discovery or that a request is unduly burdensome, identify as to each document and, in addition to the information requested in subparagraph 2(c)1, above, please state the reason for withholding the document.

(d) When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

(e) It is intended that this Request will not solicit any material protected either by the attorney/client privilege or by the work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced. If any Request is susceptible of a construction which calls for the production of such material, that material need not be provided and no privilege log pursuant to Fed. R. Civ. P. 25(b)(5) or Discovery Guideline 9(a) will be required as to such material.

(f) If production of any requested document(s) is objected to on the grounds that production is unduly burdensome, describe the burden or expense of the proposed discovery.

(g) If the requested documents are maintained in a file, the file folder is included in the request for production of those documents.

## DEFINITIONS

A. The term "communication" or "communications" shall mean and refer to any contact, oral or written, formal or informal, at any time or place and under any circumstances

whatsoever whereby information of any nature was conveyed, recorded, sent, transmitted, or transferred.

   B. The terms "document" or "documents" as used in these interrogatories shall include, mean and refer to the original or a copy of the original and any non-identical copies of any writings, drawings, graphs, charts, photographs, recordings and other data compilations from which information can be obtained, translated, or retrieved into reasonably readable or usable form. The term includes, without limitation, papers, books, invoices, orders, bills, certificates, deeds, bills of sale, certificates of title, financing statements, instruments, expense accounts, canceled checks, catalog price lists, sound, tape and video recordings, letters, photographs, tangible things, correspondence, facsimile transmissions, communications, telegrams, cables, telex messages, memoranda, notes, notations, electronic mail, work papers, transcripts, minutes, reports and recordings of telephone or other conversations or of interviews or of conferences, or of other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, jottings, agenda, bulletins, notices, announcements, advertisements, instructions, charts, manuals, brochures, publications, schedules, price lists, journals, statistical records, desk calendars, appointment books, diaries, lists, tabulations, microfilm, microfiche, maps, deposition transcripts, drawings, blueprints, books of account, records reflecting business operations, all records kept by electronic, photographic, or mechanical means, any notes or drafts relating to the foregoing, computer printouts, data processing program libraries, data processing input and output, or any other information retrievable on storage systems (including computer-generated reports and printouts) and all things similar to any of the foregoing, however denominated.

   C. The term "Officer Harris" shall mean and refer to Defendant, William Harris.

   D. The term "person" as used in this document request means and includes an individual, a corporation, a partnership, a trust, an association or any other entity.

   E. As used herein, the terms "relative" and "relative to" mean comprising, concerning, constituting, containing, describing, disclosing, discussing, embodying, explaining, identifying, pertaining to, referring to, reflecting, relating to, setting forth, showing, stating, or summarizing.

   F. "You" and "your" shall mean and refer to Plaintiff, Deric Ford, and his current or former employees, agents and/or representatives, including anyone action on his behalf.

## DOCUMENTS REQUESTED

<u>REQUEST NO. 1</u>.   All documents relative to the Kemp Incident, including but not limited to any police reports, photographs or video depictions, police communications audio tapes or transcripts, statement of charges, and documents relative to the disposition of any such charges.

REQUEST NO. 2. All documents relative to the Franklin Incident, including but not limited to any police reports, photographs or video depictions, police communications audio tapes or transcripts, statement of charges, and documents relative to the disposition of any such charges.

REQUEST NO. 3. All documents relative to the Hines Incident, including but not limited to any police reports, photographs or video depictions, police communications audio tapes or transcripts, statement of charges, and documents relative to the disposition of any such charges.

REQUEST NO. 4. All documents relative to the Ford Incident, including but not limited to any police reports, photographs or video depictions, police communications audio tapes or transcripts, statement of charges, and documents relative to the disposition of any such charges.

REQUEST NO. 5. All documents relative to the Cox Incident, including but not limited to any police reports, photographs or video depictions, police communications audio tapes or transcripts, statement of charges, and documents relative to the disposition of any such charges.

REQUEST NO. 6. All documents relative to the Bridges Incident, including but not limited to any police reports, photographs or video depictions, police communications audio tapes or transcripts, statement of charges, and documents relative to the disposition of any such charges.

REQUEST NO. 7. All documents relative to the Williams Incident, including but not limited to any police reports, photographs or video depictions, police communications audio tapes or transcripts, statement of charges, and documents relative to the disposition of any such charges.

REQUEST NO. 8. All documents relative to any other alleged violation of Plaintiffs' rights by Officer Harris, including but not limited to any police reports, photographs or

video depictions, police communications audio tapes or transcripts, statement of charges, and documents relative to the disposition of any such charges.

REQUEST NO. 9. All documents relative to any injuries or damages that you have incurred as a result of or arising out of the allegations in the Complaint in this case, as it might be amended from time to time.

REQUEST NO. 10. All documents relative to each expert you expect to call as a witness at trial, including but not limited to each expert's curriculum vitae, any reports prepared by such experts, all documents relied upon by such experts in making any findings or conclusions, all documents provided to such experts by Plaintiffs (including Plaintiffs' agents and representatives), all documents relative to fees paid to such experts in conjunction with this case, all scholarly or professional books, papers or works published or authored/co-authored by such experts and all transcripts of past testimony given by such experts.

Respectfully submitted,

*[signature]*
Jefferson L. Blomquist, Federal Bar No. 03770
jblomquist@fblaw.com
Tamal A. Banton, Federal Bar No. 27206
tbanton@fblaw.com
Funk & Bolton, P.A.
36 South Charles Street, 12th Floor
Baltimore, Maryland 21201
410/659-7700 (Telephone)
410/659-7773 (Facsimile)
*Attorneys for Defendant, William Harris, Jr.*

58154.004:119083

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 4th day of December 2008, a copy of William Harris' First Request for Production of Documents to Deric Ford was hand-delivered to:

> Christie P. Needleman, Esquire
> The Needleman Law Office LLC
> 1005 N. Calvert Street
> Baltimore, Maryland 21202
> *Co-Counsel for Plaintiffs*

and delivered via first class mail, postage prepaid to:

> Matthew Evan Bennett, Esquire
> Law Office of Matthew E. Bennett
> 8720 Georgia Avenue, Suite 701
> Silver Spring, Maryland 20910
> *Co-Counsel for Plaintiffs*
>
> James Howard Fields, Esquire
> Joseph E. Spicer, Esquire
> Jones and Associates PC
> 111 S. Calvert Street, Suite 2700
> Baltimore, Maryland 21201
> *Counsel for Defendants Agustin Rodriquez, Kiam Preston, Nathan Roles, and Chemene Washington*
>
> Neal Marcellas Janey, Jr., Esquire
> Baltimore Police Department
> 242 W. 29th Street
> Baltimore, Maryland 21211
> *Counsel for Defendants Deborah Owens, Leonard D. Hamm, and The Baltimore Police Department, and Co-Counsel for Defendant Mayor and City Council of Baltimore City*
>
> David E. Ralph, Esquire
> Law Offices of David E. Ralph LLC
> 2423 Maryland Avenue, Suite 100
> Baltimore, Maryland 21218
> *Co-Counsel for Defendant Mayor and City Council of Baltimore City*

/s/ Jefferson L. Blomquist
Jefferson L. Blomquist

58154.004:119083

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CRAIG KEMP, *et al.*      *

         Plaintiffs,      *

v.      *      CIVIL ACTION NO. 08-CV-00793WDQ

WILLIAM HARRIS, *et al.*      *

         Defendants.      *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## WILLIAM HARRIS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO RONALD COX

To:    Ronald Cox ("Plaintiff")

From:   William Harris, Jr. ("Defendant")

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Rule 104 of the United States District Court for the District of Maryland, Plaintiff, Ronald Cox is requested to respond in writing, fully and under oath, to Defendant, William Harris' First Request for Production of Documents and thing and to produce the following documents and things for inspection and copying at the offices of Funk & Bolton, P.A., 36 South Charles Street, 12th Floor, Baltimore, Maryland, 21201, on or before the 3rd day of January 2009 at 5:00 p.m.

## INSTRUCTIONS

    (a)      The documents shall be organized by you and labeled and produced in a category or grouping that corresponds to the number(s) of the Document Request to which the documents are responsive. If documents are produced as they are kept in the ordinary course of business, the name or identity of the file in which they are kept shall be produced.

    (b)      Pursuant to Fed R. Civ. P. 26(e), this First Request for Production of Documents (the "Request") is continuing in character, requiring you to promptly amend or supplement your response if you obtain further responsive documents, objects or other tangible things.



EXHIBIT 29

(c) If in responding to this Request for Production, the responding party encounters any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

1. If you are withholding the document under claim of privilege (including, but not limited to, the work product doctrine), please provide the information set forth in Fed. R. Civ. P. 26(b)(5) and Discovery Guideline 9(c)(ii)(b), including the type of document, the general subject matter of the document, the date of the document, and such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other, in a manner that, without revealing the information claimed to be protected, will enable this party to assess the applicability of the privilege or protection claimed by you; and

2. If you are withholding the document for any reason other than an objection that it is beyond the scope of discovery or that a request is unduly burdensome, identify as to each document and, in addition to the information requested in subparagraph 2(c)1, above, please state the reason for withholding the document.

(d) When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

(e) It is intended that this Request will not solicit any material protected either by the attorney/client privilege or by the work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced. If any Request is susceptible of a construction which calls for the production of such material, that material need not be provided and no privilege log pursuant to Fed. R. Civ. P. 25(b)(5) or Discovery Guideline 9(a) will be required as to such material.

(f) If production of any requested document(s) is objected to on the grounds that production is unduly burdensome, describe the burden or expense of the proposed discovery.

(g) If the requested documents are maintained in a file, the file folder is included in the request for production of those documents.

## DEFINITIONS

A. The term "communication" or "communications" shall mean and refer to any contact, oral or written, formal or informal, at any time or place and under any circumstances

whatsoever whereby information of any nature was conveyed, recorded, sent, transmitted, or transferred.

B. The terms "document" or "documents" as used in these interrogatories shall include, mean and refer to the original or a copy of the original and any non-identical copies of any writings, drawings, graphs, charts, photographs, recordings and other data compilations from which information can be obtained, translated, or retrieved into reasonably readable or usable form. The term includes, without limitation, papers, books, invoices, orders, bills, certificates, deeds, bills of sale, certificates of title, financing statements, instruments, expense accounts, canceled checks, catalog price lists, sound, tape and video recordings, letters, photographs, tangible things, correspondence, facsimile transmissions, communications, telegrams, cables, telex messages, memoranda, notes, notations, electronic mail, work papers, transcripts, minutes, reports and recordings of telephone or other conversations or of interviews or of conferences, or of other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, jottings, agenda, bulletins, notices, announcements, advertisements, instructions, charts, manuals, brochures, publications, schedules, price lists, journals, statistical records, desk calendars, appointment books, diaries, lists, tabulations, microfilm, microfiche, maps, deposition transcripts, drawings, blueprints, books of account, records reflecting business operations, all records kept by electronic, photographic, or mechanical means, any notes or drafts relating to the foregoing, computer printouts, data processing program libraries, data processing input and output, or any other information retrievable on storage systems (including computer-generated reports and printouts) and all things similar to any of the foregoing, however denominated.

C. The term "Officer Harris" shall mean and refer to Defendant, William Harris.

D. The term "person" as used in this document request means and includes an individual, a corporation, a partnership, a trust, an association or any other entity.

E. As used herein, the terms "relative" and "relative to" mean comprising, concerning, constituting, containing, describing, disclosing, discussing, embodying, explaining, identifying, pertaining to, referring to, reflecting, relating to, setting forth, showing, stating, or summarizing.

F. "You" and "your" shall mean and refer to Plaintiff, Ronald Cox, and his current or former employees, agents and/or representatives, including anyone action on his behalf.

## DOCUMENTS REQUESTED

REQUEST NO. 1.     All documents relative to the Kemp Incident, including but not limited to any police reports, photographs or video depictions, police communications audio tapes or transcripts, statement of charges, and documents relative to the disposition of any such charges.

REQUEST NO. 2. All documents relative to the Franklin Incident, including but not limited to any police reports, photographs or video depictions, police communications audio tapes or transcripts, statement of charges, and documents relative to the disposition of any such charges.

REQUEST NO. 3. All documents relative to the Hines Incident, including but not limited to any police reports, photographs or video depictions, police communications audio tapes or transcripts, statement of charges, and documents relative to the disposition of any such charges.

REQUEST NO. 4. All documents relative to the Ford Incident, including but not limited to any police reports, photographs or video depictions, police communications audio tapes or transcripts, statement of charges, and documents relative to the disposition of any such charges.

REQUEST NO. 5. All documents relative to the Cox Incident, including but not limited to any police reports, photographs or video depictions, police communications audio tapes or transcripts, statement of charges, and documents relative to the disposition of any such charges.

REQUEST NO. 6. All documents relative to the Bridges Incident, including but not limited to any police reports, photographs or video depictions, police communications audio tapes or transcripts, statement of charges, and documents relative to the disposition of any such charges.

REQUEST NO. 7. All documents relative to the Williams Incident, including but not limited to any police reports, photographs or video depictions, police communications audio tapes or transcripts, statement of charges, and documents relative to the disposition of any such charges.

REQUEST NO. 8. All documents relative to any other alleged violation of Plaintiffs' rights by Officer Harris, including but not limited to any police reports, photographs or

video depictions, police communications audio tapes or transcripts, statement of charges, and documents relative to the disposition of any such charges.

REQUEST NO. 9.    All documents relative to any injuries or damages that you have incurred as a result of or arising out of the allegations in the Complaint in this case, as it might be amended from time to time.

REQUEST NO. 10.    All documents relative to each expert you expect to call as a witness at trial, including but not limited to each expert's curriculum vitae, any reports prepared by such experts, all documents relied upon by such experts in making any findings or conclusions, all documents provided to such experts by Plaintiffs (including Plaintiffs' agents and representatives), all documents relative to fees paid to such experts in conjunction with this case, all scholarly or professional books, papers or works published or authored/co-authored by such experts and all transcripts of past testimony given by such experts.

Respectfully submitted,

*[signature]*

Jefferson L. Blomquist, Federal Bar No. 03770
jblomquist@fblaw.com
Tamal A. Banton, Federal Bar No. 27206
tbanton@fblaw.com
Funk & Bolton, P.A.
36 South Charles Street, 12th Floor
Baltimore, Maryland 21201
410/659-7700 (Telephone)
410/659-7773 (Facsimile)
*Attorneys for Defendant, William Harris, Jr.*

58154.004:119084

5

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 4th day of December 2008, a copy of William Harris' First Request for Production of Documents to Ronald Cox was hand-delivered to:

>Christie P. Needleman, Esquire
>The Needleman Law Office LLC
>1005 N. Calvert Street
>Baltimore, Maryland 21202
>*Co-Counsel for Plaintiffs*

and delivered via first class mail, postage prepaid to:

>Matthew Evan Bennett, Esquire
>Law Office of Matthew E. Bennett
>8720 Georgia Avenue, Suite 701
>Silver Spring, Maryland 20910
>*Co-Counsel for Plaintiffs*
>
>James Howard Fields, Esquire
>Joseph E. Spicer, Esquire
>Jones and Associates PC
>111 S. Calvert Street, Suite 2700
>Baltimore, Maryland 21201
>*Counsel for Defendants Agustin Rodriquez, Kiam Preston, Nathan Roles, and Chemene Washington*
>
>Neal Marcellas Janey, Jr., Esquire
>Baltimore Police Department
>242 W. 29th Street
>Baltimore, Maryland 21211
>*Counsel for Defendants Deborah Owens, Leonard D. Hamm, and The Baltimore Police Department, and Co-Counsel for Defendant Mayor and City Council of Baltimore City*
>
>David E. Ralph, Esquire
>Law Offices of David E. Ralph LLC
>2423 Maryland Avenue, Suite 100
>Baltimore, Maryland 21218
>*Co-Counsel for Defendant Mayor and City Council of Baltimore City*

/s/ Jefferson L. Blomquist

58154.004:119084

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CRAIG KEMP, *et al.*                  *

         Plaintiffs,               *

v.                                      *      CIVIL ACTION NO. 08-CV-00793WDQ

WILLIAM HARRIS, *et al.*           *

         Defendants.         *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## WILLIAM HARRIS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO TIMOTHY CLIFTON

To:    Timothy Clifton ("Plaintiff")

From: William Harris, Jr. ("Defendant")

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Rule 104 of the United States District Court for the District of Maryland, Plaintiff, Timothy Clifton is requested to respond in writing, fully and under oath, to Defendant, William Harris' First Request for Production of Documents and thing and to produce the following documents and things for inspection and copying at the offices of Funk & Bolton, P.A., 36 South Charles Street, 12th Floor, Baltimore, Maryland, 21201, on or before the 3rd day of January 2009 at 5:00 p.m.

### INSTRUCTIONS

(a)    The documents shall be organized by you and labeled and produced in a category or grouping that corresponds to the number(s) of the Document Request to which the documents are responsive. If documents are produced as they are kept in the ordinary course of business, the name or identity of the file in which they are kept shall be produced.

(b)    Pursuant to Fed R. Civ. P. 26(e), this First Request for Production of Documents (the "Request") is continuing in character, requiring you to promptly amend or supplement your response if you obtain further responsive documents, objects or other tangible things.


EXHIBIT 30

(c) If in responding to this Request for Production, the responding party encounters any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

1. If you are withholding the document under claim of privilege (including, but not limited to, the work product doctrine), please provide the information set forth in Fed. R. Civ. P. 26(b)(5) and Discovery Guideline 9(c)(ii)(b), including the type of document, the general subject matter of the document, the date of the document, and such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other, in a manner that, without revealing the information claimed to be protected, will enable this party to assess the applicability of the privilege or protection claimed by you; and

2. If you are withholding the document for any reason other than an objection that it is beyond the scope of discovery or that a request is unduly burdensome, identify as to each document and, in addition to the information requested in subparagraph 2(c)1, above, please state the reason for withholding the document.

(d) When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

(e) It is intended that this Request will not solicit any material protected either by the attorney/client privilege or by the work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced. If any Request is susceptible of a construction which calls for the production of such material, that material need not be provided and no privilege log pursuant to Fed. R. Civ. P. 25(b)(5) or Discovery Guideline 9(a) will be required as to such material.

(f) If production of any requested document(s) is objected to on the grounds that production is unduly burdensome, describe the burden or expense of the proposed discovery.

(g) If the requested documents are maintained in a file, the file folder is included in the request for production of those documents.

## DEFINITIONS

A. The term "communication" or "communications" shall mean and refer to any contact, oral or written, formal or informal, at any time or place and under any circumstances

whatsoever whereby information of any nature was conveyed, recorded, sent, transmitted, or transferred.

  B. The terms "document" or "documents" as used in these interrogatories shall include, mean and refer to the original or a copy of the original and any non-identical copies of any writings, drawings, graphs, charts, photographs, recordings and other data compilations from which information can be obtained, translated, or retrieved into reasonably readable or usable form. The term includes, without limitation, papers, books, invoices, orders, bills, certificates, deeds, bills of sale, certificates of title, financing statements, instruments, expense accounts, canceled checks, catalog price lists, sound, tape and video recordings, letters, photographs, tangible things, correspondence, facsimile transmissions, communications, telegrams, cables, telex messages, memoranda, notes, notations, electronic mail, work papers, transcripts, minutes, reports and recordings of telephone or other conversations or of interviews or of conferences, or of other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, jottings, agenda, bulletins, notices, announcements, advertisements, instructions, charts, manuals, brochures, publications, schedules, price lists, journals, statistical records, desk calendars, appointment books, diaries, lists, tabulations, microfilm, microfiche, maps, deposition transcripts, drawings, blueprints, books of account, records reflecting business operations, all records kept by electronic, photographic, or mechanical means, any notes or drafts relating to the foregoing, computer printouts, data processing program libraries, data processing input and output, or any other information retrievable on storage systems (including computer-generated reports and printouts) and all things similar to any of the foregoing, however denominated.

  C. The term "Officer Harris" shall mean and refer to Defendant, William Harris.

  D. The term "person" as used in this document request means and includes an individual, a corporation, a partnership, a trust, an association or any other entity.

  E. As used herein, the terms "relative" and "relative to" mean comprising, concerning, constituting, containing, describing, disclosing, discussing, embodying, explaining, identifying, pertaining to, referring to, reflecting, relating to, setting forth, showing, stating, or summarizing.

  F. "You" and "your" shall mean and refer to Plaintiff, Timothy Clifton, and his current or former employees, agents and/or representatives, including anyone action on his behalf.

## DOCUMENTS REQUESTED

REQUEST NO. 1. All documents relative to the Kemp Incident, including but not limited to any police reports, photographs or video depictions, police communications audio tapes or transcripts, statement of charges, and documents relative to the disposition of any such charges.

REQUEST NO. 2.	All documents relative to the Franklin Incident, including but not limited to any police reports, photographs or video depictions, police communications audio tapes or transcripts, statement of charges, and documents relative to the disposition of any such charges.

REQUEST NO. 3.	All documents relative to the Hines Incident, including but not limited to any police reports, photographs or video depictions, police communications audio tapes or transcripts, statement of charges, and documents relative to the disposition of any such charges.

REQUEST NO. 4.	All documents relative to the Ford Incident, including but not limited to any police reports, photographs or video depictions, police communications audio tapes or transcripts, statement of charges, and documents relative to the disposition of any such charges.

REQUEST NO. 5.	All documents relative to the Cox Incident, including but not limited to any police reports, photographs or video depictions, police communications audio tapes or transcripts, statement of charges, and documents relative to the disposition of any such charges.

REQUEST NO. 6.	All documents relative to the Bridges Incident, including but not limited to any police reports, photographs or video depictions, police communications audio tapes or transcripts, statement of charges, and documents relative to the disposition of any such charges.

REQUEST NO. 7.	All documents relative to the Williams Incident, including but not limited to any police reports, photographs or video depictions, police communications audio tapes or transcripts, statement of charges, and documents relative to the disposition of any such charges.

REQUEST NO. 8.	All documents relative to any other alleged violation of Plaintiffs' rights by Officer Harris, including but not limited to any police reports, photographs or

video depictions, police communications audio tapes or transcripts, statement of charges, and documents relative to the disposition of any such charges.

REQUEST NO. 9.     All documents relative to any injuries or damages that you have incurred as a result of or arising out of the allegations in the Complaint in this case, as it might be amended from time to time.

REQUEST NO. 10.    All documents relative to each expert you expect to call as a witness at trial, including but not limited to each expert's curriculum vitae, any reports prepared by such experts, all documents relied upon by such experts in making any findings or conclusions, all documents provided to such experts by Plaintiffs (including Plaintiffs' agents and representatives), all documents relative to fees paid to such experts in conjunction with this case, all scholarly or professional books, papers or works published or authored/co-authored by such experts and all transcripts of past testimony given by such experts.

Respectfully submitted,

*[signature]*
Jefferson L. Blomquist, Federal Bar No. 03770
jblomquist@fblaw.com
Tamal A. Banton, Federal Bar No. 27206
tbanton@fblaw.com
Funk & Bolton, P.A.
36 South Charles Street, 12th Floor
Baltimore, Maryland 21201
410/659-7700 (Telephone)
410/659-7773 (Facsimile)
*Attorneys for Defendant, William Harris, Jr.*

58154.004:119091

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 4th day of December 2008, a copy of William Harris' First Request for Production of Documents to Timothy Clifton was hand-delivered to:

>   Christie P. Needleman, Esquire
>   The Needleman Law Office LLC
>   1005 N. Calvert Street
>   Baltimore, Maryland 21202
>   *Co-Counsel for Plaintiffs*

and delivered via first class mail, postage prepaid to:

>   Matthew Evan Bennett, Esquire
>   Law Office of Matthew E. Bennett
>   8720 Georgia Avenue, Suite 701
>   Silver Spring, Maryland 20910
>   *Co-Counsel for Plaintiffs*
>
>   James Howard Fields, Esquire
>   Joseph E. Spicer, Esquire
>   Jones and Associates PC
>   111 S. Calvert Street, Suite 2700
>   Baltimore, Maryland 21201
>   *Counsel for Defendants Agustin Rodriquez, Kiam Preston, Nathan Roles, and Chemene Washington*
>
>   Neal Marcellas Janey, Jr., Esquire
>   Baltimore Police Department
>   242 W. 29th Street
>   Baltimore, Maryland 21211
>   *Counsel for Defendants Deborah Owens, Leonard D. Hamm, and The Baltimore Police Department, and Co-Counsel for Defendant Mayor and City Council of Baltimore City*
>
>   David E. Ralph, Esquire
>   Law Offices of David E. Ralph LLC
>   2423 Maryland Avenue, Suite 100
>   Baltimore, Maryland 21218
>   *Co-Counsel for Defendant Mayor and City Council of Baltimore City*

/s/ Jefferson L. Blomquist

58154.004:119091